IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APRIL MICHELLE BURCKHALTER, BENJI ADAM BURCKHALTER, Plaintiffs, v. MICHELIN NORTH AMERICA, INC., a foreign corporation; FORD MOTOR COMPANY, a foreign corporation; and BALLARD'S OF CLINTON, INC., d/b/a MCKINSEY MOTOR COMPANY, an Oklahoma Domestic for-Profit Business Corporation, Defendants. | Case No.   CIV-21-239-D<br><br>Removed from Oklahoma County District Court, No. CJ-2021-606 |

**NOTICE OF REMOVAL
BY DEFENDANTS FORD MOTOR COMPANY AND
BALLARD'S OF CLINTON, INC., D/B/A MCKINSEY MOTOR COMPANY**

Defendants Ford Motor Company ("Ford") and Ballard's of Clinton, Inc., d/b/a McKinsey Motor Company ("McKinsey") hereby give notice of the removal of this action from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma. Removal is appropriate under 28 U.S.C. § 1441(a) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446, due to the fraudulent joinder of defendant McKinsey. In support of this Notice of Removal, Defendants Ford and McKinsey ("Removing Defendants") allege and state as follows:

**I.     INTRODUCTION AND BACKGROUND**

1.     On February 9, 2021, Plaintiffs filed this action, styled *April Michelle Burckhalter and Benji Adam Burckhalter v. Michelin North America, Inc., Ford Motor Company, and Ballard's of Clinton, Inc. d/b/a McKinsey Motor Company*, in the District Court of Oklahoma

1

County, Oklahoma, Case No. CJ-2021-606 (the "Action"). Plaintiffs' Petition is attached as Exhibit 1 to this Notice of Removal.

2. Plaintiffs named three defendants in their Petition: Michelin North America, Inc. ("Michelin"), Ford, and McKinsey. According to Plaintiff's Petition, McKinsey sold Plaintiffs an allegedly defective 2016 Ford F350 (the "subject vehicle") manufactured by Ford Motor Company and equipped with an allegedly defective tire manufactured by Michelin. Petition, ¶¶ 12-13 [Ex. 1].

3. In total, Plaintiffs asserted five causes of action: (1) negligence against Michelin, (2) strict liability against Michelin, (3) negligence against Ford, (4) strict liability against Ford, and (5) strict liability against McKinsey. *See* Petition [Ex. 1]. Plaintiffs seek punitive damages against all defendants. Petition, ¶ 62 [Ex. 1].

4. Plaintiffs' Petition does not specify whether the amount in controversy exceeds $75,000.00. However, Plaintiffs claim they sustained "catastrophic and permanent injuries" as a result of Defendants' allegedly wanton and reckless conduct, for which they seek compensatory and punitive damages. *See* Petition at ¶¶ 57-62 [Ex. 1]. Accordingly, it is both plausible and probable that the amount in controversy exceeds $75,000.00.

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00.

6. Although Defendant McKinsey is alleged to be a non-diverse Oklahoma corporation, its citizenship should be disregarded for purposes of removal because McKinsey has been fraudulently joined for the sole purpose of preventing removal. *See Atkins v. Heavy Petroleum Partners, LLC*, No. 15-3050, 2015 WL 7974174, at *3 (10th Cir. Dec. 7, 2015)

(affirming denial of motion to remand where trial court found that Plaintiff could not establish a cause of action against the non-diverse party in state court). Because there is complete diversity between Plaintiffs and all non-fraudulently joined defendants, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## II.  THE AMOUNT IN CONTROVERSY IS SATISFIED

7. A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). *See also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015) (reiterating *Dart*'s plausible allegation requirement).

8. The amount in controversy in this case plausibly exceeds $75,000.00, exclusive of interest and costs, based on the nature of Plaintiffs' alleged injuries and damages. Specifically, both Plaintiffs claim they sustained serious, catastrophic, and permanent injuries giving rise to the following damages:

   a.   Permanent physical injuries;
   b.   Past and future pain and suffering;
   c.   Past and future mental pain and suffering and mental anguish;
   d.   Past and future diminished physical capacity and physical impairment;
   e.   Past and future loss of enjoyment of life, the impairment and loss of the quality and value of life and inconvenience;
   f.   Past and future lost earning and income, impairment of earning capacity and other economic damages;
   g.   Past and future reasonable and necessary medical care, treatment, services, prosthetics, rehabilitation, nursing care, life care and attendant services, medications, therapy and other expenses, including special medical damages and expenses;
   h.   All such other relief and compensatory damages as are permissible at common law and by statute . . . .

Petition, ¶¶ 58, 60 [Ex. 1]. These allegations, standing alone, support a conclusion that the amount in controversy requirement has been satisfied.

9. Further, Plaintiffs have alleged they are entitled to punitive damages "in an amount necessary and sufficient to . . . punish Defendants for their willful, wanton, gross, flagrant, reckless, outrageous, and egregious conduct." Petition, ¶ 62 [Ex. 1]. Punitive damages are properly considered in determining whether the amount in controversy has been satisfied. *Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1198 (N.D. Okla. 2004)).

10. Based on the nature of Plaintiffs' allegations, their claims of catastrophic and permanent damages, and their demand for punitive damages, it is both plausible and probable that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332(a).

### III.   COMPLETE DIVERSITY EXISTS

#### A.   MCKINSEY IS A FRAUDULENTLY JOINED DEFENDANT

11. When a plaintiff fraudulently joins a defendant in order to preclude removal on diversity grounds, the citizenship of the fraudulently joined defendant is disregarded for purposes of analyzing whether diversity jurisdiction exists. *Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) (holding fraudulently joined defendant is disregarded for purposes of diversity jurisdiction); *Atkins*, No. 15-3050, 2015 WL 7974174, at *3 (10th Cir. Dec. 7, 2015) (affirming denial of motion to remand where trial court found that Plaintiff could not establish a cause of action against the non-diverse party in state court).

12. Fraudulent joinder can be proven by showing that either (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d

1272, 1279 (N.D. Okla. 2006). For the reasons discussed below, McKinsey is a fraudulently joined defendant because Plaintiffs have no possibility of recovery against it.

13. In their Petition, Plaintiffs claim McKinsey is "in the business of selling new and used cars to the general public, including the "Subject Vehicle" upon which the Subject Tire was mounted. Petition, ¶ 12 [Ex. 1].

14. Plaintiffs' only cause of action against McKinsey sounds in strict product liability. Petition, ¶¶ 49-56 [Ex. 1]. Specifically, Plaintiff's claim McKinsey is liable to Plaintiffs because it sold them the Subject Vehicle "in a defective condition unreasonably dangerous to any user, including Plaintiffs." Petition, ¶ 51 [Ex. 1].

15. Plaintiffs do not claim McKinsey was involved in the design or manufacture of the vehicle. [*See generally* Petition, Ex. 1].

16. Pursuant to 76 O.S. § 57.2(E), a strict products liability action may not be asserted against a non-manufacturing seller unless one of six exceptions is applicable:

    1.    The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or

    2.    The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or

    3.    The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or

    4.    The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or

      5.      The manufacturer is not subject to service of process under the laws of the state; or

      6.      The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

17. This Court has interpreted 76 O.S. § 57.2(E) as "add[ing] a new element" to a product liability action against a non-manufacturing product seller. *Farmers Ins. Co. v. Big Lots, Inc.*, No. 15-cv-97-GKF-PJC, 2015 WL 5943447 at *3 (N.D. Okla. Oct. 13, 2015).

18. In *Shelton v. Sha Ent., LLC*, No. 20-cv-644-D, 2020 WL 6389858 at *2 (W.D. Okla. Oct. 30, 2020), the Western District of Oklahoma granted a non-manufacturing seller's motion to dismiss because plaintiffs' petition "contain[ed] no factual allegations that would place [the seller]'s conduct into one of the exceptions enumerated in § 57.2(E)." Likewise, Plaintiffs here cannot place McKinsey's conduct into one of the enumerated exceptions. *See* Petition, ¶¶ 12-13, 49-56 [Ex. 1].

19. Upon examining Plaintiffs' claims in the context of 76 O.S. § 57.2(E), it is apparent that Plaintiffs have no possibility of recovery against McKinsey, and therefore its citizenship should be disregarded for purposes of analyzing whether diversity jurisdiction exists. *See Slover*, 443 F. Supp. 2d at 1279; *Anderson*, 528 F. App'x at 795.

20. The citizenship of the non-fraudulently joined parties follows:

- Plaintiffs are citizens of Oklahoma. Petition, ¶¶ 1-2 [Ex. 1].
- Michelin is a foreign corporation with its principle place of business in South Carolina. Petition, ¶ 3 [Ex. 1].
- Ford is a citizen of Delaware and Michigan. *See* Petition, ¶ 5 [Ex. 1].

21. Accordingly, complete diversity of citizenship exists between Plaintiffs and all properly joined defendants as required by 28 U.S.C. § 1332(a)(1).

### IV.   PROCEDURAL REQUIREMENTS FOR REMOVAL

22.   This lawsuit was filed on February 9, 2021, and Ford was served on February 19, 2021. This Notice of Removal has been filed within 30 days from service of Plaintiffs' Petition and within one year of the commencement of the action. Removal is timely pursuant to 28 U.S.C. §§ 1446(b).

23.   As required by LCvR 81.2(a), a copy of the Docket Sheet, Oklahoma County, Case No. CJ-2021-606, is attached as Exhibit 2.

24.   As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the state court matter are collectively attached as Exhibit 3.

25.   As required by 28 U.S.C. § 1446(b)(2)(a), Michelin consents to the removal of this action. *See* Email between counsel for Ford and counsel for Michelin, attached as Exhibit 4.

26.   As required by 28 U.S.C. § 1446(d), written notice of the removal will be served on all parties and a copy will be filed with the Clerk of the District Court for Oklahoma County promptly after this Notice of Removal is filed.

27.   This case is properly removed to the United States District Court for the Western District of Oklahoma, which "embrac[es] the place where such action is pending," pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the procedural requirements for removal have been satisfied, and this Court has subject matter jurisdiction over this diversity action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and Plaintiffs are citizens of a different state than all properly joined defendants.

28.   Ford reserves all defenses, including, without limitation, those set forth in 12 O.S. § 2012(B) and Fed. R. Civ. P. 12(b).

**WHEREFORE**, Defendant Ford respectfully removes this action from the District Court in and for Oklahoma County to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1441.

Respectfully submitted this 22nd day of March, 2021.

                                                                MCAFEE & TAFT, P.C.

By:   s/ Andrew L. Richardson
        Mary Quinn Cooper, OBA# 11966
        Andrew L. Richardson, OBA #16298
        Dru A. Prosser, OBA #32487
        Two West 2nd Street, Suite 1100
        Williams Tower II
        Tulsa OK 74103
        maryquinn.cooper@mcafeetaft.com
        andrew.richardson@mcafeetaft.com
        dru.prosser@mcafeetaft.com
        (918) 587-0000
        (918) 599-9317 (fax)
        Attorneys for Defendants
        Ford Motor Company and
        Ballard's of Clinton, Inc., d/b/a
        McKinsey Motor Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing, and sent a copy via e-email and regular mail to the following:

John Branum
Branum Law Firm, PLLC
9600 South May Avenue
Oklahoma City OK  73159
lit@branumlawfirm.com

Ernesto L. Santos, Jr.
HALPERN SANTOS PINKERT
150 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
ernesto@hsptrial.com

***Attorneys for Plaintiff***

James A. Jennings
Linda G. Kaufmann
JENNINGS TEAGUE, PC
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102
jjennings@jenningsteague.com
lkaufmann@jenningsteage.com

Thomas M. Bullion III
Chris A. Blackerby
GERMAN BEAMAN & BROWN PLLC
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, TX  78746
tbullion@germer-austin.com
cblackerby@germer-austin.com

***Attorneys for Michelin North America, Inc.***


s/ Andrew L. Richardson