REC'D FEB 1 0 2021

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB - 9 2021

RICK WARREN
COURT CLERK
50_____

| | |
|---|---|
| APRIL MICHELLE BURCKHALTER<br><br>BENJI ADAM BURCKHALTER<br><br>Plaintiffs<br><br>v.<br><br>MICHELIN NORTH AMERICA, INC.,<br>a Foreign Corp.<br><br>FORD MOTOR COMPANY,<br>a Foreign Corp.;<br><br>BALLARD'S OF CLINTON, INC. d/b/a<br>MCKINSEY MOTOR COMPANY, an<br>Oklahoma Domestic for-Profit Business<br>Corporation<br><br>Defendants | Case No. CJ-2021-<br>ATTORNEYS LIEN CLAIMED<br>JURY TRIAL DEMANDED<br><br>CJ-2021-606 |

## PLAINTIFFS' PETITION

Plaintiffs, APRIL MICHELLE BURCKHALTER and BENJI ADAM BURCKHALTER, bring this product liability and negligence action against Defendants, MICHELIN NORTH AMERICA, INC., FORD MOTOR COMPANY and BALLARD'S OF CLINTON, INC. d/b/a MCKINSEY MOTOR COMPANY, and contends as follows:

### PARTIES AND JURISDICTION

1. At all times material hereto, Plaintiff, APRIL MICHELLE BURCKHALTER, was and is a resident and citizen of the State of Oklahoma.

2. At all times material hereto, Plaintiff, BENJI ADAM BURCKHALTER, was and is a resident and citizen of the State of Oklahoma.

3. At all times material hereto, Defendant, MICHELIN NORTH AMERICA, INC. (hereinafter referred to as "MNA") was and is a foreign corporation with its principal place of business in Greenville, South Carolina. Defendant, MNA, is registered to do

Exhibit
1

business in the State of Oklahoma, is doing business in the State of Oklahoma and may be served through tis Oklahoma registered agent for service of process: The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, OK 73128.

4. At all times material hereto, specific jurisdiction existed and exists over the Defendant, MNA. MNA, individually and through its affiliated corporations, was engaged in the business of designing, developing, manufacturing, testing, engineering, assembling, marketing, promoting, advertising, distributing and selling tires to the consuming public in the State of Oklahoma. This includes the **BF Goodrich Rugged Trail T/A LT 245/75 R17 bearing DOT Number M343DR413415** (hereinafter referred to as the "Subject Tire"), other BF Goodrich tires, and related MNA tires, products and tire services sold and/or provided through agent retailers throughout the State of Oklahoma. MNA tires were designed and manufactured for interstate travel, which includes Oklahoma. MNA specifically advertised its tires on a continuous basis in Oklahoma. MNA maintains multiple dealerships throughout Oklahoma through which MNA established channels for providing regular advice, services and product information to Oklahoma customers such as April Michelle Burckhalter and Benji Adam Burckhalter. MNA sent technical service bulletins and recalls related to BF Goodrich Rugged Trail T/A tires, and other related MNA tires, into Oklahoma and directed customers to approved MNA service centers in Oklahoma to perform recall and service bulletin work on MNA tires. MNA provided a warranty on its tires, thereby subjecting itself to the laws of the particular state, including Oklahoma, and availing itself of the same. At all times material hereto, MNA served the Oklahoma market and expected its vehicles, including MNA tires and the Subject Tire, to be sold and/or used in Oklahoma. Defendant, MNA, conduct with regard to the Subject Tire and other MNA tires was specifically directed at customers in the State of Oklahoma, resulting

in significant economic benefit for MNA. Plaintiffs' claims are connected with and/or related to MNA's contacts with Oklahoma and there is little or no burden on MNA in litigating this case in an Oklahoma court.

5. At all times material hereto, Defendant, FORD MOTOR COMPANY, INC. (hereinafter referred to as "FORD") was and is a foreign corporation with its principal place of business in Dearborn, MI. Defendant, FORD, is registered to do business in the State of Oklahoma, is doing business in the State of Oklahoma and may be served through tis Oklahoma registered agent for service of process: The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, OK 73128.

6. At all times material hereto, specific jurisdiction existed and exists over the Defendant, FORD. FORD, individually and through its affiliated corporations, was engaged in the business of designing, developing, manufacturing, testing, engineering, assembling, marketing, promoting, advertising, distributing and selling automobiles and component parts of automobiles to the consuming public in the State of Oklahoma. This includes the **2016 F350 Pick-up truck bearing Vehicle Identification Number (VIN): 1FT8W3DT0GEA98192** (hereinafter referred to as the "Subject Vehicle"), other Ford F350 Pick-Up Trucks, and related Ford vehicles, parts, products and automotive services sold and/or provided through agent retailers throughout the State of Oklahoma. FORD vehicles were designed and manufactured for interstate travel, which includes Oklahoma. FORD specifically advertised its vehicles on a continuous basis in Oklahoma. FORD maintains multiple dealerships throughout Oklahoma through which FORD established channels for providing regular advice, services and product information to Oklahoma customers such as April Michelle Burckhalter and Benji Adam Burckhalter. FORD sent technical service bulletins and recalls related to FORD F350 vehicles, and other related FORD vehicles, into Oklahoma and directed

customers to approved FORD service centers in Oklahoma to perform recall and service bulletin work on FORD vehicles. FORD provided a warranty on its vehicles and component parts, thereby subjecting itself to the laws of the particular state, including Oklahoma, and availing itself of the same. At all times material hereto, FORD served the Oklahoma market and expected its vehicles, including THE Subject Vehicle and other Ford F350 pickup trucks, to be sold and/or used in Oklahoma. Defendant, FORD, conduct with regard to the Subject Vehicle and other FORD vehicles was specifically directed at customers in the State of Oklahoma, resulting in significant economic benefit for FORD. Plaintiffs' claims are connected with and/or related to FORD's contacts with Oklahoma and there is little or no burden on FORD in litigating this case in an Oklahoma court.

7. At all times material hereto, Defendant, BALLARD'S OF CLINTON, INC. d/b/a MCKINSEY MOTOR COMPANY hereinafter referred to as "MCKINSEY") is an Oklahoma domestic for-profit business corporation with its principal place of business located at 1415 US-183, Clinton, OK 73601. MCKINSEY is registered to do business in the State of Oklahoma, is doing business in the State of Oklahoma and may be served through its Oklahoma registered agent for service of process: 1415 S 188 HWY, Clinton, OK 73601.

8. At all relevant times, general personal jurisdiction existed and exists over the Defendant, MCKINSEY, as it is a domestic Oklahoma entity and its principal place of business is in Oklahoma.

### VENUE

9. Venue is proper in this county pursuant to Title 12, Section 141 of the Code of Civil Procedure of the State of Oklahoma because service of summons can be obtained upon one or more of the Defendants in Oklahoma County.

## FACTS

10. The Defendant, MNA, designed, developed, manufactured, tested or failed to test, engineered, fabricated, assembled, equipped, repaired, inspected or failed to inspect, approved, labeled, marketed, promoted, advertised, distributed, supplied, wholesaled and sold and/or placed into the stream of commerce the "Subject Tire", a **BF Goodrich Rugged Trail T/A LT 245/75 R17 bearing DOT Number M343DR413415**.

11. The Defendant, FORD, designed, developed, manufactured, tested or failed to test, engineered, fabricated, assembled, equipped, repaired, inspected or failed to inspect, approved, labeled, marketed, promoted, advertised, distributed, supplied, wholesaled and sold and/or placed into the stream of commerce the "Subject Vehicle" a **2016 F350 Pick-up truck bearing Vehicle Identification Number (VIN): 1FT8W3DT0GEA98192**.

12. The Defendant, MCKINSEY, is a Ford car dealership located in Clinton, Custer County, Oklahoma engaged in the business of selling new and used cars to the general public, including the "Subject Vehicle" upon which the Subject Tire was mounted.

13. On or about July 14, 2016, the Defendant, MCKINSEY, sold the Subject Vehicle upon which the Subject Tire was mounted to the Plaintiff, BENJI ADAM BURCKHALTER.

14. On August 13, 2019, the Plaintiff, BENJI ADAM BURCKHALTER, was driving the Subject Vehicle upon which the Subject Tire was mounted on the front passenger (right) axle southbound on State Highway 152 in Beckham County, Oklahoma. The Plaintiff, APRIL MICHELLE BURCKHALTER, was the front seat passenger. At said time and place, the integrity of the Subject Tire failed and the tread and outer steel belt on the Subject Tire separated from the tire which caused the Subject Vehicle to

become unstable, swerve, veer out of control and leave the road way and coming to final rest on the west edge of State Highway 152.

15. As a result of the crash, the Plaintiffs, BENJI ADAM BURCKHALTER and APRIL MICHELLE BURCKHALTER, suffered serious and permanent injuries.

## COUNT I
## [NEGLIGENCE – MICHELIN NORTH AMERICA, INC.]

16. Plaintiffs readopt and re-allege paragraphs 1 through 15 above, as fully as if said paragraphs were restated herein.

17. At all times material hereto, the Defendant, MNA owed the Plaintiffs the duty to manufacture, assemble, inspect and/or test its tires, including the subject tire described above, in such a manner and with the exercise of reasonable care, so as to prevent the tread and steel belt on the subject tire from separating from the tire, and/or preventing the subject tire from bursting or blowing out, thereby causing a hazard and a danger for any user of the tire, before placing the subject tire into the stream of commerce.

18. At all times material hereto, the Defendant, MNA, had a duty to warn consumers or intended users of the subject tire of defects which it knew or should have known in the exercise of ordinary care existed in the subject tire, which defects rendered the subject tire unreasonably dangerous to use.

19. The Defendant, MNA, breached its duty in various ways, including but not limited to, one or more of the following negligent acts:

   a. By failing to use due care in designing, manufacturing, testing inspecting, maintaining and/or servicing the Subject Tire for its intended use and specifically relating to the hazardous and dangerous conditions relating to the tire's propensity to fail as described in paragraph 15 above;

    b. By failing to make reasonable tests and/or inspections to discover the defective, dangerous and hazardous conditions relating to the Subject Tire's propensity to fail as described in paragraph 15 above;

    c. By negligently failing to warn users of the subject tire, including the Plaintiffs of said defective, dangerous and hazardous conditions, relating to tire tread/belt separation when it knew or should have known through the exercise of ordinary care of said dangerous and hazardous conditions; and/or

    d. By failing to discover the defective, dangerous and hazardous conditions relating to the Subject Tire's propensity to sustain sudden, unexpected tread and belt separation, while in the possession of MNA, and during which time employees, servants or agents of MNA had an opportunity to inspect, service and work on the Subject Tire.

    e. By failing to design and manufacture a tire that was robust enough for its intended use as a passenger tire on the Subject Vehicle

20. The Defendant, MNA, knew or should have known that exposing users to the dangerous, defective and hazardous condition existing in the Subject Tire would give rise to serious bodily injuries to such users.

21. At all times material hereto, the dangerous, hazardous and defective condition described above in connection with the propensity of the tire and tread belt to separate from the tire was latent, and neither BENJI ADAM BURCKHALTER nor APRIL MICHELLE BURCKHALTER were capable of realizing the dangerous condition and could not have discovered the dangerous condition with a reasonable inspection.

22. The Defendant, MNA, negligent acts and omissions were a direct and proximate cause of injuries to the Plaintiffs, BENJI ADAM BURCKHALTER and APRIL MICHELLE BURCKHALTER, and their resulting damages.

23. The Defendant, MNA, is liable to the Plaintiffs, BENJI ADAM BURCKHALTER and APRIL MICHELLE BURCKHALTER, for injuries and damages caused by its negligent acts and/or omissions.

### COUNT II
### [STRICT LIABILITY – MICHELIN NORTH AMERICA, INC.]

24. The Plaintiffs readopt and reallege paragraphs 1 through 23 above, as fully as if said paragraphs were restated herein.

25. The Defendant, MNA, manufactured, distributed and/or sold the Subject Tire in a defective condition unreasonably dangerous to any user.

26. Said product, to wit, the Subject Tire, was unreasonably dangerous and defective because of its design, lack of or insufficient warnings, use of inappropriate materials, propensity to permit a separation between the tread and outer steel belt and the tire, manufacturing defects and/or processing defects or any other reason which may be learned through discovery.

27. The Defendant, MNA, is in the business of manufacturing, distributing and/or selling tires, including the subject Tire described in the general allegations. This Defendant is responsible for placing the subject tire into the stream of commerce.

28. The Plaintiffs were foreseeable users of the Subject Tire, and the Subject Tire was being used for its intended purpose in an intended manner, at the time of the subject crash as described in paragraph 15 hereinabove.

29. The Subject Tire was transferred from the possession of the Defendant, MNA, in a defective condition, and the Subject Tire was substantially unaltered from the time it left the control of the Defendant, MNA.

30. At all times material hereto, the dangerous, hazardous and defective condition described above in connection with the propensity of the tire and tread belt to separate

from the tire was latent and Plaintiffs were not capable of realizing the dangerous condition and could not have discovered the dangerous condition with a reasonable inspection.

31. The defects in the Subject Tire were a direct and proximate cause of the injuries to the Plaintiffs, BENJI ADAMS BURCKHALTER and APRIL MICHELLE BURCKHALTER.

32. MNA is strictly liable to the Plaintiffs, BENJI ADAMS BURCKHALTER and APRIL MICHELLE BURCKHALTER, for their injuries and damages caused by defects and inadequacies in the design and manufacture of the Subject Tire.

## COUNT III
## [NEGLIGENCE – FORD MOTOR COMPANY]

33. The Plaintiffs readopt and reallege paragraphs 1 through 15 above, as fully as if said paragraphs were restated herein.

34. At all times material hereto, the Defendant, FORD owed to the Plaintiffs the duty to exercise ordinary and reasonable care in the designing, manufacturing, assembling, inspecting and/or testing of its vehicles, including the subject vehicle equipped with the subject tire, so as to prevent injuries from the use of such product.

35. At all times material hereto, the Defendant, FORD, had a duty to warn consumers or intended users of the subject vehicle, including the Plaintiff, of defects which it knew or should have known in the exercise of ordinary care existed in the subject vehicle, which defects rendered the subject vehicle unreasonably dangerous to use.

36. The Defendant, FORD, breached its duties owed to the Plaintiff in one or more of the following ways or others to be identified during discovery of this matter:
    a. Negligently failed to warn that the subject vehicle had an unreasonably high center of gravity and a narrow track width, thereby predisposing the subject vehicle to loss of control following a tread/belt separation;

b. Negligently designed and/or manufactured the subject vehicle with a high center of gravity, such that it had an unreasonably high propensity to lose control during the course of a normal evasive steering adjustment, such as the one alleged herein following a tread/belt separation;

c. Negligently failed to warn that the subject vehicle was designed and/or manufactured with a high center of gravity, such that it had an unreasonably high propensity to lose control during the course of a normal emergency steering adjustment, such as the one alleged herein;

d. Negligently designed the subject vehicle with a hydro-boost brake system which diminished the subject vehicle's response during tread separations such that it had unreasonably high propensity to lose control during the course of a normal evasive steering adjustments, such as the one alleged herein following a tread-belt separation;

e. Negligently failed to warn that the subject vehicle was designed with a hydro-boost brake system which diminished the subject vehicle's response during tread separations such that it had unreasonably high propensity to lose control during the course of a normal evasive steering adjustments, such as the one alleged herein following a tread-belt separation; and

f. Negligently participated in the design and manufacture of the subject tire, such that the subject tire was chosen by FORD to be original equipment on the subject vehicle.

37. At all times material hereto, the dangerous, hazardous and defective conditions described above were latent and the Plaintiff was not capable of realizing the dangerous conditions and could not have discovered the dangerous conditions with a reasonable inspection.

38. The Defendant, MNA, negligent acts and omissions were a direct and proximate cause of injuries to the Plaintiffs, BENJI ADAM BURCKHALTER and APRIL MICHELLE BURCKHALTER, and their resulting damages.

39. The Defendant, MNA, is liable to the Plaintiffs, BENJI ADAM BURCKHALTER and APRIL MICHELLE BURCKHALTER, for injuries and damages caused by its negligent acts and/or omissions.

## COUNT IV
### [STRICT LIABILITY – FORD MOTOR COMPANY]

40. The Plaintiffs readopt and reallege paragraphs 1 through 39 above, as fully as if said paragraphs were restated herein.

41. Defendant, FORD is engaged in the business of designing, manufacturing, distributing, and/or selling passenger, sport-utility vehicles and pick-up trucks, including the subject vehicle, together with the subject tire.

42. Defendant, FORD, designed, manufactured, distributed or sold the subject vehicle, together with the subject tire, in a defective condition unreasonably dangerous to any user, including the Plaintiff.

43. Said product, to wit, the subject vehicle, was unreasonably dangerous because of its design characteristics, lack of warnings, use of inappropriate materials, manufacturing defects and/or, processing defects, including but not limited to:

    a. Design and/or manufacture of the subject vehicle with an unreasonably high center of gravity and a narrow track width, thereby predisposing the subject vehicle to instability and loss of control;

    b. Failure to warn that the subject vehicle had an unreasonably high center of gravity and a narrow track width, thereby predisposing the subject vehicle to instability and loss of control;

c. Design and/or manufacture of the subject vehicle with a high center of gravity, such that it had an unreasonably high propensity to lose control during the course of a normal evasive steering adjustment, such as following a treat/belt separation described herein;

d. Designed and manufactured the vehicle with an unreasonable propensity to lose control following an event such as a tire/tread separation;

e. Failure to warn that the subject vehicle was designed and/or manufactured with a high center of gravity, such that it had an unreasonably high propensity to lose control during the course of a normal evasive steering adjustment such as the one alleged herein;

f. Negligently designed the subject vehicle with a hydro-boost brake system which diminished the subject vehicle's response during tread separations such that it had unreasonably high propensity to lose control during the course of a normal evasive steering adjustments, such as the one alleged herein following a tread-belt separation;

g. Negligently failed to warn that the subject vehicle was designed with a hydro-boost brake system which diminished the subject vehicle's response during tread separations such that it had unreasonably high propensity to lose control during the course of a normal evasive steering adjustments, such as the one alleged herein following a tread-belt separation; and

h. Negligently participated in the design and manufacture of the subject tire, such that the subject tire was chosen by FORD to be original equipment on the subject vehicle.

44. Prior to the date of the subject accident, the Defendant, FORD designed, manufactured, sold and/or distributed the subject vehicle and placed the subject

vehicle, including the subject tire, in the stream of commerce, where it ultimately reached the Plaintiffs, foreseeable users of the subject vehicle.

45. The subject vehicle, including the subject tire, was without substantial change in its condition from the time it was designed, manufactured, and sold by the Defendant, FORD, until the date of the subject incident.

46. The Plaintiffs were using the subject vehicle, together with the subject tire, in an intended and customary manner at the time of the incident.

47. The defects in the Subject Vehicle were a direct and proximate cause of the injuries to the Plaintiffs, BENJI ADAMS BURCKHALTER and APRIL MICHELLE BURCKHALTER.

48. FORD is strictly liable to the Plaintiffs, BENJI ADAMS BURCKHALTER and APRIL MICHELLE BURCKHALTER, for their injuries and damages caused by defects and inadequacies in the design and manufacture of the Subject Vehicle.

## COUNT V
### [STRICT LIABILITY – BALLARD'S OF CLINTON, INC. d/b/a MCKINSEY MOTOR COMPANY]

49. Plaintiffs readopt and reallege paragraphs 1 through 39 above, as fully as if said paragraphs were restated herein.

50. Defendant, MCKINSEY, is engaged in the business of distributing and/or selling passenger and sport-utility vehicles, including the Subject Vehicle together with the Subject Tire.

51. Defendant, MCKINSEY, distributed and/or sold the Subject Vehicle, together with the Subject Tire in a defective condition unreasonably dangerous to any user, including Plaintiffs.

52. On or about July 14, 2016, Defendant, MCKINSEY, sold the Subject Vehicle, together with the Subject Tire, and placed the Subject Vehicle, together with the Subject Tire, in the

stream of commerce, where it ultimately reached the Plaintiff, BENJI ADAMS BURCKHALTER, a foreseeable user of the Subject Vehicle, together with the Subject Tire.

53. The Subject Vehicle, together with the Subject Tire, was without a substantial change in its condition from the time it was designed, manufactured and/or sold by Defendant, MCKINSEY, until the date of the subject incident.

54. The Plaintiffs were using the subject vehicle, together with the subject tire, in an intended and customary manner at the time of the incident.

55. The defects in the Subject Vehicle, together with the Subject Tire, and/or the failure of the Defendant, MCKINSEY, to warn and instruct as to the safe and proper use of the Subject Vehicle, together with the Subject Tire were a direct and proximate cause of the injuries to the Plaintiffs, BENJI ADAMS BURCKHALTER and APRIL MICHELLE BURCKHALTER.

56. MCKINSEY is strictly liable to the Plaintiffs, BENJI ADAMS BURCKHALTER and APRIL MICHELLE BURCKHALTER, for their injuries and damages caused by defects and inadequacies in the Subject Vehicle and Subject Tire.

## DAMAGES
## [BENJI ADAMS BURCKHALTER]

57. Plaintiff hereby incorporates all other paragraph of this petition as though fully set forth herein.

58. As the result of the defective Subject Tire and Subject Vehicle and the Defendants' acts and/or omissions, Plaintiff BENJI ADAMS BURCKHALTER sustained injuries and damages, both in the past and the future, which include, but are not limited, to the following:

   a. Permanent physical injuries;
   b. Past and future pain and suffering;

   c. Past and future mental pain and suffering and mental anguish;

   d. Past and future diminished physical capacity and physical impairment;

   e. Past and future loss of enjoyment of life, the impairment and loss of the quality and value of life and inconvenience;

   f. Past and future lost earning and income, impairment of earning capacity and other economic damages;

   g. Past and future reasonable and necessary medical care, treatment, services, prosthetics, rehabilitation, nursing care, life care and attendant services, medications, therapy and other expenses, including special medical damages and expenses;

   h. All such other relief and compensatory damages as are permissible at common law and by statute and to which Plaintiff BENJI ADAMS BURCKHALTER is entitled.

## DAMAGES
## [APRIL MICHELLE BURCKHALTER]

59. Plaintiff hereby incorporates all other paragraph of this petition as though fully set forth herein.

60. As the result of the defective Subject Tire and Subject Vehicle and the Defendants' acts and/or omissions, Plaintiff APRIL MICHELLE BURCKHALTER sustained injuries and damages, both in the past and the future, which include, but are not limited, to the following:

   a. Permanent physical injuries;

   b. Past and future pain and suffering;

   c. Past and future mental pain and suffering and mental anguish;

   d. Past and future diminished physical capacity and physical impairment;

   e. Past and future loss of enjoyment of life, the impairment and loss of the quality and value of life and inconvenience;

   f. Past and future lost earning and income, impairment of earning capacity and other economic damages;

   g. Past and future reasonable and necessary medical care, treatment, services, prosthetics, rehabilitation, nursing care, life care and attendant services,

    medications, therapy and other expenses, including special medical damages and expenses;

  h. All such other relief and compensatory damages as are permissible at common law and by statute and to which Plaintiff APRIL MICHELLE BURCKHALTER is entitled.

### **PUNITIVE DAMAGES**

61. Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

62. Plaintiff is entitled to recover punitive damages in accordance with Oklahoma law, based upon the Defendants' complete indifference to and conscious disregard for the safety of Plaintiffs, BENJI ADAMS BURCKHALTER and APRIL MICHELLE BURCKHALTER, and others, causing or contributing to catastrophic and permanent injuries. Defendants' wanton and reckless acts and omissions occurred under circumstances where their conduct, in total disregard of the consequences, would naturally and probably result in injury or damages to Plaintiff. Defendants knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in catastrophic and serious injury, and continued this conduct with malice and wanton and reckless disregard for the consequences of its actions for which punitive damages should be awarded. In addition to actual, special, consequential and compensatory damages, Plaintiff demands a judgment against Defendants for punitive damages in an amount necessary and sufficient to deter Defendants from the above-described conduct and to punish Defendants for their willful, wanton, gross, flagrant, reckless, outrageous, and egregious conduct.

## JURY DEMAND

Plaintiff requests that a jury be empaneled to try all fact issue in this case.

## PRAYER

WHEREFORE, Plaintiffs, BENJI ADAM BURCKHALTER and APRIL MICHELLE BURCKHALTER, respectfully pray for an award of actual and punitive damages against MICHELIN NORTH AMERICA, INC., FORD MOTOR COMPANY, and BALLARD'S OF CLINTON, INC. d/b/a MCKINSEY MOTOR COMPANY and further against all Defendants or prejudgment and post-judgement interest, costs, attorneys' fees and all such other relief as the Court deems just and equitable.

**BRANUM LAW FIRM, PLLC**

*/s/ John Branum*

John Branum, OBA No. 20165
Jay M. Mitchel, OBA No. 20784
Jessica S. Ladd, OBA No. 33821
9600 South May Avenue
Oklahoma City, Oklahoma 73159
Telephone (800) 318-9950
Facsimile (800) 418-8210
Email lit@branumlawfirm.com

and

Ernesto L. Santos, Jr., *to be admitted Pro Hac Vice*
**HALPERN | SANTOS | PINKERT**
150 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Office: 305-445-1111
Fax: 305-445-1169
Email ernesto@hsptrial.com
**ATTORNEYS FOR PLAINTIFF**